UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:08CR78

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | **CONSENT ORDER AND JUDGMENT** |
| v. ) | **OF FORFEITURE AND FOR RETURN OF** |
| ) | **PROPERTY TO JURISDICTION** |
| CARLO ANTONIO TESTORE. ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty, and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(8), 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

   **All funds in a Credit Andorra investment account, Account Number 96465, such account held in the name of Carlo Antonio Testore AKA Carlos Testore, with a value, as of December 11, 2008, of approximately $858,694.00 in U.S. Currency;**

   **Approximately 15 kilograms of gold and 80 kilograms of silver held in a banker's box at Credit Andorra, key number 155, such box possibly held in the name of Carlo Antonio Testore AKA Carlos Testore; and**

   **Any and all currency and monetary instruments that were received during, involved in, or used or intended to be used to facilitate the crimes alleged in the Bill of Indictment, including but not limited to the sum of approximately $10,000,000.00 in proceeds and funds involved in the alleged violations.**

2. The Court is advised that Defendant, with the full consent and cooperation of the

Department of Justice, has attempted to access the specifically identified property in Andorra to request the liquidation and disbursement of the aforementioned assets from his accounts at Credit Andorra so that those assets may be used to partially satisfy the restitution order that he anticipates that the Court will enter. However, due to previous and unauthorized suspicious activity by Defendant's former counsel in Costa Rica who tried to access the property, and due to the underlying telemarketing fraud of Defendant, the Andorran bank and Andorran law enforcement authorities have frozen the property and have been reluctant to act merely upon the urging of Defendant to turn over the property to Defendant for any purpose. Accordingly, in addition to constituting an order of forfeiture, this Order constitutes an order pursuant to 21 U.S.C. §§ 853(e) and (p)(3) to return the property to the jurisdiction of the Court.

3. The United States Marshals Service and/or other property custodian for the investigative agency is authorized to take and maintain custody of the specifically identified property. The custodian will coordinate with the Andorran law enforcement authorities or bank on the appropriate means for transfer of the property from Andorra to the custodian;

4. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specifically identified forfeited property, and, as required by law, shall publish notice of the forfeiture;

5. Any person, other than the Defendant, asserting any legal interest in the specifically identified property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest. As set forth in Fed. R. Crim. P. 32.2(c)(1), no hearing will be necessary to the extent that this Order constitutes a money judgment; and

6.      Following the Court's disposition of all timely petitions filed, a Final Order of Forfeiture shall be entered as to the specifically identified assets above. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the specifically identified property. Then, the United States shall dispose of the property according to law. Counsel of record for the United States advise the Court that counsel will request that the Attorney General exercise his discretion pursuant to 21 U.S.C. § 853(i)(1) to restore the forfeited property to the victims[1] of the crimes of Testore.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby

---

[1] The Department of Justice advises the Court that many of the victims of the crimes of Testore are elderly and/or vulnerable.

withdraws that claim. If Defendant has not submitted such a claim, Defendant hereby waives all right to do so.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

*Ben Bain-Creed, SAUSA, For*
PETER B. LOEWENBERG
Senior Trial Attorney

*Ben Bain-Creed, SAUSA, For*
PATRICK DONLEY
Senior Litigation Counsel

CARLO ANTONIO TESTORE,
AKA Carlos Testore,
Defendant

ROBERT I TARG, ESQ.
Attorney for Defendant

Signed this the 27th day of July, 2009.

UNITED STATES DISTRICT JUDGE

4